UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM STEWART STEELE,

     Petitioner,

v.                                                                    CASE NO. 6:96-cv-754-Orl-18JGG

JAMES V. CROSBY, et al.,

     Respondents.

_____

## ORDER

Petitioner filed an amended petition for habeas corpus relief pursuant to 28 U.S.C.

section 2254 (Doc. No. 72) and a memorandum of law (Doc. No. 73). Respondents filed a

timely response (Doc. No. 84) to the amended petition for writ of habeas corpus in

compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases*

*in the United States District Courts.* Petitioner filed a reply (Doc. No. 93) to the response.

I.      *Procedural History*

Petitioner was charged by indictment with one count of first-degree murder. After

a jury trial, he was found guilty as charged and was sentenced to life in prison. The Florida

Fifth District Court of Appeal *per curiam* affirmed Petitioner's conviction and sentence.

*Steele v. State*, 609 So. 2d 50 (Fla. 5th DCA 1992).

Petitioner filed his first Florida Rule of Criminal Procedure 3.850 motion for post-

conviction relief on December 12, 1994. The state trial court denied the motion as untimely,

and the appellate court *per curiam* affirmed the decision. *Steele v. State*, 654 So. 2d 1175 (Fla. 5th DCA 1995).

Petitioner filed a second Rule 3.850 motion on December 28, 1995, which was denied as successive and untimely. The appellate court *per curiam* affirmed. *Steele v. State*, 671 So. 2d 800 (Fla. 5th DCA 1996).

On February 29, 1996, Petitioner filed a state petition for writ of habeas corpus alleging that he received ineffective assistance of appellate counsel. The Florida Fifth District Court of Appeal denied the petition on March 28, 1996.

Petitioner filed a second habeas corpus petition with the appellate court on January 28, 1998. After the State filed a response, the appellate court denied the petition by order dated March 19, 1998.

On March 20, 1998, the Florida Fifth District Court of Appeal issued an opinion in a malpractice action filed by Petitioner against his direct appeal attorney, Terrence Kehoe, who Petitioner asserted failed to seek timely post-conviction relief. *See Steele v. Kehoe*, 724 So. 2d 1192 (Fla. 5th DCA 1998). The appellate court denied relief, but stayed mandate and certified a question of importance to the Florida Supreme Court:

> Under the facts of this case, is it appropriate to order a belated hearing in order to determine whether the attorney was in fact retained to file a post-conviction motion and, if so, to determine the validity of the issues that Defendant asserts should have been raised in such motion?

*Id.* at 1195. The Florida Supreme Court granted review and answered the certified question in the affirmative, stating that:

> Steele is entitled to petition the circuit court for a writ of habeas corpus. Upon receiving the petition, the court will conduct a hearing on whether Kehoe undertook to file a rule 3.850 motion on Steele's behalf, but failed to timely file the motion. If Steele prevails at the hearing, he will have the right to belatedly file a rule 3.850 motion. If Steele's belated postconviction motion is granted and he receives relief from his conviction or sentence, he may then pursue the legal malpractice claim against Kehoe.

*Steele v. Kehoe*, 747 So. 2d 931, 934 (Fla. 1999).

In accordance with the Florida Supreme Court's decision, Petitioner filed a third state petition for writ of habeas corpus. After conducting an evidentiary hearing, the state trial judge found that Mr. Kehoe had not agreed to file a Rule 3.850 motion for Petitioner and had clearly communicated to Petitioner that his representation did not include the filing of such a motion. The state habeas petition was denied, and the appellate court affirmed the denial. *Steele v. State*, 809 So. 2d 8 (Fla. 5th DCA 2001). The Florida Supreme Court declined to accept jurisdiction. *Steele v. State*, 829 So. 2d 919 (Fla. 2002).

On August 8, 2000, Petitioner filed a petition for writ of mandamus with the Florida Fifth District Court of Appeal. The appellate court denied the petition on August 23, 2000.

Petitioner filed a fourth state petition for writ of habeas corpus, which the state trial court denied. The appellate court affirmed the denial and ordered that Petitioner was prohibited "from filing any additional *pro se* appeals, pleadings, motions and petitions relating to his conviction and sentence in his case and affirmed by this court in *Steele v. State*, 609 So. 2d 50 (Fla. 5th DCA 1992)." *Steele v. State*, 859 So. 2d 524, 524 (Fla. 5th DCA 2003).

3

Petitioner filed the instant federal habeas corpus case on or about July 11, 1996, after the conclusion of both his first Rule 3.850 proceedings and his first state habeas petition. After the Florida Fifth District Court of Appeal certified its question to the Florida Supreme Court, this Court stayed the instant case pending resolution of the state court proceedings. After the state court proceedings were concluded, this case was reopened, and Petitioner was permitted to file the amended petition which is currently before this Court.

## II.   *Petitioner's Claims are Procedurally Barred*

Petitioner asserts seven claims for relief in his amended petition: five claims that he received ineffective assistance of counsel (claims one, two, three, six, and seven); one claim that a fundamental structural error deprived him of counsel at a critical stage (claim four); and one claim of prosecutorial misconduct/fraud (claim five). Claims one through five were raised in Petitioner's Rule 3.850 motions, which were both denied as untimely. The appellate court *per curiam* affirmed the trial court's decision. Claims six and seven were not raised in the state courts.

Absent exceptional circumstances, federal courts are precluded from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.[1] 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*,

---

[1]The statute provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted unless it appears that–
> (A)   the applicant has exhausted the remedies
> (continued...)

404 U.S. 270, 275 (1971). Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). The Eleventh Circuit Court of Appeals has held that this procedural bar applies to ineffective assistance of counsel claims brought in habeas cases: "a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992) (footnote omitted).

Claims one through five were raised in Petitioner's Rule 3.850 motions, but were determined by the state courts to be procedurally barred. Thus, all five claims are procedurally barred in this Court because the last state court rendering a judgment in

---

[1](...continued)

> available in the courts of the State; or
>
> (B)  (i)    there is an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Petitioner's case clearly and expressly stated that its judgment rested on the procedural bar. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990) ("[P]er curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal court.").

Claims six and seven were not presented to the state court. Since they were not raised and are clearly barred from being raised in the state courts, these two claims also appear to be procedurally barred from consideration by this Court.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more

6

likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

In the present case, Petitioner alleges that state action prevented him from timely filing his first Rule 3.850 motion because the state clerk's office told his wife the wrong date that mandate was issued on direct appeal. Petitioner unsuccessfully raised this argument in the state trial and appellate courts. *See Steele v. State*, 809 So. 2d 8, 10 (Fla. 5th DCA 2001) (rejecting as meritless Petitioner's claim that the state's action in providing the date mandate was filed instead of the date it was issued entitled him to file a belated Rule 3.850 motion); *see also* Appendix E at 213-14, 354-55. This Court finds that this allegation, even if true, fails to establish that an external factor impeded his efforts to timely file his Rule 3.850 motion.

The record establishes that appellate counsel advised Petitioner that mandate issued on December 7, 1992, and that Petitioner had two years to file his Rule 3.850 motion. *See* Appendix K at 68-72. Furthermore, Petitioner admitted that on December 4, 1992, he thought that his Rule 3.850 time had expired.[2] *Id.* at 125-26. The Court also notes that Petitioner managed to timely file a Rule 3.850 motion regarding another conviction that became final on the same day as the instant conviction and that he became a certified law

---

[2]Despite having been aware for some time that the two-year deadline was fast approaching, Petitioner did not ask his wife to inquire about the date of mandate until December 4, 1992. (Appendix K at 100-01, 110-11.)

clerk in September of 1994, approximately three months before his two-year period expired. *Id.* at 122. Petitioner certainly had information from other sources to at least cast doubt on any purported misinformation provided by the clerk's office to his wife regarding the date of mandate. Clearly, any mistake made by the state clerk's office did not constitute cause and was not prejudicial.

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, all seven of his claims are procedurally barred.

Any of Petitioner's allegations that attempt to excuse the application of the procedural bar and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Amended Petition for Writ of Habeas Corpus (Doc. No. 72) filed by William Stewart Steele is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this ___ day of February, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

8

Copies to:
sa 2/7
Counsel of Record
William Stewart Steele